## BENJAMIN F. WAITE vs. WILLIAM DELESDERNIER.

An officer, having in his hands a writ for service, has no authority in his official capacity to settle the demand, and to receive the money of the debtor.

Where an officer undertakes to settle the demand and receive the money of a debtor against whom he had a writ, and pay it over to the creditor, but neglects so to do for a year, and the debtor is again sued, and pays the money to the creditor; the debtor may maintain an action against the officer to recover back the money paid, with interest, without any previous demand.

And if the writ be against several defendants, and the officer make service only on one, who pays the money, he can support his action without joining the others.

THE declaration contained the money counts, and two counts alleging, that the defendant received of the plaintiff one hundred and thirty dollars, which he undertook to pay to the treasurer of the State of *Maine* for a debt which the plaintiff then owed to the State, and to take up and deliver to the plaintiff his notes, and that the defendant neglected so to do, whereby the plaintiff was put to great additional expense, trouble and cost. The plaintiff proved, that in *May* preceding the commencement of the present suit, the then sheriff of the County had a writ against the plaintiff and others in favor of the State, and that the defendant requested the sheriff to permit him to see that writ, and on giving it to him, he compared it with a writ in his possession, and remarked, that about a year before he had a writ in favor of the State against the plaintiff and others on the same demand, that the plaintiff paid the demand sued to him, that he wrote to the land agent from whom he received the writ, that the plaintiff had paid the demand to him, that if the land agent would draw on him for the amount he would answer the draft, but whether the land agent had drawn on him or not, he did not know, and that the note was paid, and ought not to have been sued again. The plaintiff also proved, that before the commencement of this suit, he had paid the amount of the note to the agent of the State. On the call of the plaintiff's counsel, the first writ was produced by the defendant on which was found the following indorsement. " I certify that *B. F. Waite* has paid me one hundred and twenty-six dollars and fifty-four cents for principal and interest, on the demand and in full of the same, and three dollars for this writ and also my fees.      *W. Delesdernier, Sheriff.*"

Waite *v.* Delesdernier.

At the trial, the counsel of the defendant contended, that he acted as the agent of the State, in receiving the money of the plaintiff, and as the receipt on the writ states it to have been received in full for the demand and costs, the payment was a discharge of the claim of the State, and that if the plaintiff paid the money again, it was a voluntary payment to a party not entitled to demand it of him, and therefore no right of action accrued against the defendant, especially as no demand was made before the suit was commenced; and also, that the money paid by the plaintiff to the defendant must be considered as the money of the plaintiff and the other defendants in the suit in favor of the State, and that the plaintiff alone could not maintain this action. EMERY J., instructed the jury, that it was incumbent on the defendant to show, that he had authority from the State to receive the money to entitle him to hold it against the plaintiff; and that although the plaintiff must satisfy them, that the money was demanded by the plaintiff of the defendant prior to the commencement of the action, yet they were at liberty to infer such demand from the facts proved; and that as it appeared by the defendant's return on the writ, that he could not find the property or residence of the other defendants in the suit, and that as *Waite* paid the money, it was to be considered his money, and he could maintain the action alone; and that if they found for the plaintiff, they must allow him the amount paid for debt and costs, and interest thereon from the time of payment. The jury returned a verdict for debt, costs and interest, and the defendant filed exceptions to the instructions of the Judge.

*Bridges*, for the defendant, argued in support of the points made at the trial and also urged, that no interest could be allowed before a demand made; and cited *Bulfinch* v. *Balch,* 8 *Greenl.* 133; 1 *Saund.* 43, *note* 2; 1 *Chitty on Pl.* 322, 325; *Hill* v. *Green,* 4 *Pick.* 114.

*Chase*, for the plaintiff, argued in support of the verdict, and cited *Coffin* v. *Coffin,* 7 *Greenl.* 298; *Ulmer* v. *Cunningham,* 2 *Greenl.* 117; *Hastings* v. *Lovering,* 2 *Pick.* 214.

The opinion of the Court, after a continuance, was drawn up by WESTON C. J. — The defendant was required, as sheriff of the county, to serve and return the writ in behalf of the State, against

the plaintiff and others. When that was done, he had performed his duty. He was not authorized, in his official capacity, to receive the money ; nor has he shown, that there was confided to him any trust or agency whatever, except what resulted from his relation as an officer. He did however receive from the plaintiff, and has so certified upon the writ, the principal and interest of the demand sued for in that action, together with the costs, which had then accrued. He undertook, that the payment then made was the amount " in full" declared for in that suit. There did thence arise, by implication of law, an obligation on his part, that the sum so received should be applied in discharge of the demand, within a reasonable time. This he neglected, for a period far beyond what could be deemed reasonable, and at the end of a year from the first payment, the plaintiff was charged in a second suit, for the same cause of action. It was contended, that having once paid, he might have resisted successfully that suit. But this could not have been done, unless he had paid to an authorized agent, which does not appear.

The defendant, having failed to fulfil his engagement, was liable to an action without any further demand. It was not necessary, for the purpose of hastening the performance of the duty, which the defendant had assumed. As well might a common carrier, who had failed to deliver goods at the place of destination, according to his contract, insist that he was not liable to an action, until the goods had been demanded. Where a positive duty exists, or is assumed, no demand is necessary. 1 Saunders, 33.

Upon the first writ, there being no service upon the other defendants, the plaintiff paid the money received by the defendant, and he alone therefore is entitled to bring the action.

The verdict was returned for the precise amount of the plaintiff's damage, which was the direct consequence of the violation of the defendant's undertaking ; and we are aware of no legal reason, why it should be reduced.

*Exceptions overruled.*